UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| HERMAN LU, an individual, on behalf of himself and all others similarly situated,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>AT&T SERVICES, INC.; AT&T MANAGEMENT SERVICES LP; AT&T MOBILITY SERVICES LLC; SOUTHWESTERN BELL; YELLOW PAGES INC.; AT&T OPERATIONS, INC.; YELLOWPAGES.COM LLC; and DOES 1 through 10, inclusive,<br><br>　　　　　Defendants. | Case No:  C 10-05954 SBA<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS CERTAIN CLAIMS**<br><br>Docket 7 |

Plaintiff Herman Lu brings the instant action on behalf of himself, as a collective action under the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), and as a class action with respect to Defendants' alleged violations of California labor law.  The parties are presently before the Court on Defendants' Motion to Dismiss, which is brought pursuant to Federal Rule of Civil Procedure 12(b)(6).  Dkt. 7.  The gravamen of the motion is that Plaintiff is barred from pursuing any FLSA claims on a collective action basis, as well as any individual or class claims based on California wage and hour law, under the terms of a General Release and Waiver ("Release") contained in a severance agreement that he previously executed.  Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby GRANTS Defendants' motion.  The Court, in its discretion, finds this matter suitable for resolution without oral argument.  See Fed.R.Civ.P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

## I. BACKGROUND[1]

### A. FACTUAL SUMMARY

Plaintiff was previously employed by AT&T Services, Inc., where he worked as an On-Call Worker. Compl. ¶ 13; Dkt. 1. On or about December 18, 2009, Plaintiff signed a severance agreement in connection with the termination of his employment. Moore Decl. Ex. A at 1, Dkt. 8. Under the terms of the agreement, Plaintiff received $21,700 in severance pay, plus medical and other insurance coverage for an additional 12 months. Id. at 1, 3. In consideration for receiving such benefits, Plaintiff agreed to waive any claims he may have against Defendants. Id. at 7. The Release states, in pertinent part:

> **IV. GENERAL RELEASE AND WAIVER OF CLAIMS**
>
> ….
>
> In exchange for the Plan benefits described under Section III of this General Release and Waiver, I hereby release the Plan, AT&T Inc., and the Participating Company and their current and former parents, subsidiaries, affiliates, successors and assigns ("the Companies") … *from any claims, liabilities, demands or causes of action, whether from discrimination, breach of contract, or any other claim*,…. that I may have or claim to have as of or prior to the date of this General Release and Waiver….

Id. § IV at 7 (emphasis added). In addition, Plaintiff agreed that he had been paid all wages and overtime owed to him, and specifically waived his right to participate in or initiate any class or collective action against Defendants. Id.

### B. PROCEDURAL HISTORY

Plaintiff filed the Complaint in this Court on December 29, 2010, which alleges five claims, as follows: (1) unpaid wages, Cal. Labor Code §§ 216, 510 and 1194 and FLSA, 29 U.S.C. § 216(b); (2) failure to pay overtime, Cal. Labor Code §§ 510 and 1194, FLSA 216(b); (3) inaccurate wage and hour statements, Cal. Labor Code § 226; (4) waiting time

---

[1] The following facts are taken from the Complaint which are taken as true for purposes of the instant motion to dismiss. The Court also takes judicial notice of a severance agreement executed by Plaintiff on or about December 18, 2009. See Swartz v. KPMG LLP, 476 F.3d 756, 763 (9th Cir. 2007) ("a court may consider a writing referenced in a complaint but not explicitly incorporated therein if the complaint relies on the document and its authenticity is unquestioned.").

penalties, Cal. Labor Code §§ 201-203; (5) Conversion, Cal. Civ. Code §§ 3294 and 3336; (6) unfair competition, Cal. Bus. & Prof. Code § 17200; and (7) Private Attorney General Act, Cal. Labor Code § 2698, et seq.  Plaintiff seeks to have the action certified as a collective action under the FLSA and class action under Rule 23 as to the remaining claims.

Defendant AT&T Services, Inc., AT&T Mobility Services, LLC, Southwestern Bell, Yellow Pages, Inc., and Yellowpages.com, joined by AT&T Management Services (collectively "Defendants"), contend in their motion to dismiss that the Release bars: (1) Plaintiff's individual wage and hour claims under California law (contained in the first through seventh claims for relief); (2) Plaintiff's class action law wage and hour claims under California law (contained in the first through seventh claims for relief); and (3) Plaintiff's collective action claims under the FLSA (contained in the first and second claims for relief).[2]  Plaintiff does not address Defendants' arguments with respect to the viability of his state law claims, but instead, asserts that the waiver of his FLSA collective action claims violates public policy and is otherwise unconscionable.

## II.   LEGAL STANDARD

A complaint may be dismissed under Rule 12(b)(6) for failure to state a claim if the plaintiff fails to state a cognizable legal theory, or has not alleged sufficient facts to support a cognizable legal theory.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).  The Court accepts as true all well-pleaded allegations of material fact, and construes them in the light most favorable to the non-moving party.  Erickson v. Pardus, 551 U.S. 89, 93-94 (2007); Daniels-Hall v. National Educ. Ass'n, 629 F.3d 992, 998 (9th Cir. 2010).  In adjudicating a Rule 12(b)(6) motion, the Court may consider the allegations of the complaint and matters that are properly the subject of judicial notice under Federal Rule of Evidence 201.  Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994).  Where a complaint or claim is dismissed, leave to amend generally is granted, unless further amendment would be futile.  Chaset v. Fleer/Skybox Int'l, 300 F.3d 1083, 1087-88 (9th Cir. 2002).

---

[2] Defendants do not challenge Plaintiff's individual FLSA claims, which they agree are not precluded by the Release.

- 3 -

### III. DISCUSSION

Under California law, the interpretation of a release is governed by the same principles applicable to any other contract. See Cohen v. Five Brooks Stable, 159 Cal.App.4th 1476, 1483 (2008). Contracts are to be interpreted to give effect to the mutual intention of the parties at the time of contracting. Cal. Civ. Code § 1638; Waller v. Truck Ins. Exch., 11 Cal.4th 1, 18 (1995). "[S]uch intent is to be inferred, if possible, solely from the written provisions of the contract," read in their ordinary and popular sense, unless it appears the parties used the terms in some special sense. AIU Ins. Co. v. FMC Corp., 51 Cal.3d 807, 822 (1995) (citing Cal. Civ. Code § 1639). "If the contract language is clear and explicit, it governs." Foster-Gardner, Inc. v. National Union Fire Ins. Co., 18 Cal.4th 857, 868 (1998) (internal quotations and citation omitted). A contract is "to be construed as a whole, effecting harmony among and giving meaning to all the parts thereof." Hi-Desert County Water Dist. v. Blue Skies Country Club, Inc., 23 Cal.App.4th 1723, 1734 (1994) (internal quotation marks omitted). The "interpretation of a contract generally presents a question of law for this court to determine[.]" DVD Copy Control Ass'n, Inc. v. Kaleidescape, Inc., 176 Cal.App.4th 697, 713 (2009).

### A. FLSA CLAIMS

#### 1. Enforceability of the Collective Action Waiver

Plaintiff seeks to pursue his first and second claims on an individual basis and as a collective action under § 216(b) of the FLSA.[3] In their motion, Defendants argue that such claims are foreclosed under the terms of the Release, wherein Plaintiff expressly agreed that he "will not bring or participate in any class action or *collective action* against the Company which asserts, in whole or in part, any claim(s) which arose to the date [he]

---

[3] Federal wage claims cannot be filed as a class action under Rule 23, and instead, must be maintained as a "collective action." 29 U.S.C. § 216(b). "A 'collective action' differs from a class action." McElmurry v. U.S. Bank Nat. Ass'n, 495 F.3d 1136, 1139 (9th Cir. 2007). In a class action brought under Rule 23, all members of a certified class are bound by the judgment unless they opt-out of the suit. Id. In contrast, in a collective action under the FLSA, 29 U.S.C. § 216(b), only those claimants whose affirmatively opt-in by providing a written consent are bound by the results of the action. Id.

signed this Agreement, whether or not such claims are covered by the Release."  Moore Decl. Ex. A at 7 (emphasis added).  Plaintiff counters that the waiver is unenforceable because it requires him to forego rights under the FLSA that are unwaivable.  Pl.'s Opp'n at 3.

Generally, an individual employee's rights under the FLSA "cannot be abridged by contract or otherwise waived."  Barrentine v. Arkansas-Best Freight Sys., Inc., 450 U.S. 728, 740 (1981); Parth v. Pomona Valley Hosp. Medical Ctr., 630 F.3d 794, 802 n.2 (9th Cir. 2010).  However, this restriction applies only to employee's *substantive* rights under the FLSA, not his *procedural* rights.  The right to bring a collective action under the FLSA is a procedural—not a substantive one.   See Carter v. Countrywide Credit Indus., Inc., 362 F.3d 294, 298 (5th Cir. 2004) (rejecting "Appellants' claim that their inability to proceed collectively deprives them of substantive rights available under the FLSA."); Veliz v. Cintas Corp., No. 03-01180 SBA, 2005 WL 1048699, at *3  (N.D. Cal. May 4, 2005) ("[p]recedent establishes that even an inability to proceed on a class or collective basis in arbitration has no impact on a plaintiff's ability to vindicate his or her substantive statutory rights.") (discussing Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20, 32 (1991)) (Armstrong, J.).  Because the right to proceed on a collective basis implicates an employee's procedural, as opposed to substantive rights, a collective action waiver contained in severance agreement is enforceable.  See Kelly v. City & County of San Francisco, No. C 05-1287 SI, 2008 WL 2662017, at *4 (N.D. Cal. June 30, 2008) (finding that employees' settlement agreement "not to sue or otherwise institute or in any way actively participate in or voluntarily assist in the prosecution of any legal or administrative proceeding against the city" barred their ability to bring a collective FLSA action).  Thus, the Court rejects Plaintiff's contention that Plaintiff's waiver of his right to bring a collective action is unenforceable.

### 2. Unconscionability of the Release

As an alternative matter, Plaintiff asserts that the entire Release itself is unenforceable on the ground that it is procedurally and substantively unconscionable under

1  California law.  "Under California law, a contract provision is unenforceable due to
2  unconscionability only if it is both procedurally and substantively unconscionable."
3  Shroyer v. New Cingular Wireless Servs., Inc., 498 F.3d 976, 981-82 (9th Cir. 2007).  The
4  procedural element focuses on oppression and surprise due to unequal bargaining power,
5  while the substantive element is satisfied where the results are overly harsh or one-sided.
6  Armendariz v. Found. Health Psychcare Servs., Inc., 24 Cal.4th 83, 114 (2000).  The
7  procedural and substantive elements operate on a sliding scale where a strong showing of
8  one permits a lesser showing of the other.  Id.  Nonetheless, both elements must be present
9  in order for a contract provision to be deemed unconscionable.  Id.

10  Plaintiff argues that the Release is procedurally unconscionable because it was
11 presented on a "take it or leave it" basis to employees who "had no meaningful choice"
12 since they had just lost their jobs.  Pl.'s Opp'n at 9.  He also avers that the Release is
13 substantively unconscionable because it requires employees to waive rights that are not
14 waiveable and is otherwise "one-sided."  Pl.'s Opp'n at 9-10.  Neither contention has merit.
15 The mere fact that an agreement is presented on a take-it-or-leave-it basis "is insufficient to
16 render it unenforceable."  Chalk v. T-Mobile USA, Inc., 560 F.3d 1087, 1094 (9th Cir.
17 2009).  Moreover, Plaintiff did have a choice—he could have declined to accept the
18 severance benefits offered to him and preserved all of his rights to bring a legal action
19 against Defendants on a collective or class action basis.[4]

20  As for substantive unconscionability, Plaintiff ignores that the Release specifically
21 states that, "This General Release and Waiver also does *not* release any claims that cannot
22 be released as a matter of law…."  Moore Decl. Ex. A at 7 (emphasis added).  Plaintiff
23 attempts to make much of the fact that the Release does not specifically state that individual
24 FSLA claims are exempted from the waiver.  Pl.'s Opp'n at 2.  However, a release need

---

[4] Equally without merit is Plaintiff's assertion that Defendants' Release is unconscionable supposedly because it prevents others from enforcing their FLSA rights. Pl.'s Opp'n at 3.  It does not such thing.  By its plain terms, the Release only bars Plaintiff from pursuing FLSA as a collective action.  The clause makes no mention of—nor do Defendants claim—that it prevents Plaintiff or anyone else from pursuing claims under the FLSA.

1    not identify every nonwaivable claim in order for it to be enforceable.  See Edwards v.
2    Arthur Andersen LLP, 44 Cal.4th 937, 954-55 (2008) (waiver of "any and all claims" did
3    not encompass claims that could not be waived as a matter of law, even if those
4    nonwaivable claims were not specifically referenced).

5         Plaintiff's ancillary contention that the Release is so one-sided as to "shock the
6    conscience" fares no better.  Pl.'s Opp'n at 9.  Citing Ingle v. Circuit City Stores, Inc., 328
7    F.3d 1165, 1170 (9th Cir. 2003), Plaintiff claims that the Release is one-sided ostensibly
8    because "AT&T does not give up any rights" under the agreement.  Pl.'s Opp'n at 9.  In
9    Ingle, the employer required the plaintiff to sign an arbitration agreement prior to her
10   employment that included a class action waiver.  The Ninth Circuit held that the waiver was
11   substantively unconscionable since it insulated the employer from class action proceedings,
12   "while conferring no corresponding benefit to its employees in return."  328 F.3d at 1176.
13   Unlike Ingle, Plaintiff received corresponding benefits in exchange for signing the Release;
14   namely, $21,700 in severance pay *and* medical and other insurance coverage for a year in
15   exchange for his agreement to waive.  Thus, the Court finds no merit to Plaintiff's assertion
16   that the Release is substantively unconscionable.

17        In sum, the Court finds that Plaintiff is barred from bringing a collective action
18   under the FLSA claims, and therefore, GRANTS Defendants' motion to dismiss such
19   claims.  Because further amendment would be futile, Plaintiff's first and second claims, to
20   the extent they purport to allege a collective action under the FLSA, are dismissed without
21   leave to amend.

22        **B.**     **CALIFORNIA WAGE AND HOUR CLAIMS**

23        Defendants also move to dismiss Plaintiff's individual and class claims under
24   California wage and hour law, presented in his first through seventh causes of action, on the
25   ground that they are barred by the Release.  Plaintiff does not address any of the arguments
26   presented by Defendants for dismissal of these claims.  To the extent that Plaintiff is relying
27   on his general assertion that the Release is unenforceable, such an argument fails for the
28   reasons discussed above.  Therefore, the Court GRANTS Defendants' motion to dismiss

Plaintiff's individual and class claims based on California wage and hour law, and said claims are dismissed without leave to amend.

## IV. CONCLUSION

For the reasons set forth above,

IT IS HEREBY ORDERED THAT:

1. Defendants' motion to dismiss is GRANTED, as follows:

    a   Plaintiff's collective action claims under the FLSA contained in the first and second causes of action are DISMISSED with prejudice; and

    b.   Plaintiff's individual and class claims under California state wage and hour law contained in the first through seventh causes of action are DISMISSED with prejudice.

2. This Order terminates Docket 7.

IT IS SO ORDERED.

Dated:  June 21, 2011

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge